Cite as 2015 Ark. App. 297

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-15-21

| | |
|---|---|
| AMANDA RAMSEY<br><div align="right">APPELLANT</div><br>V.<br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES; A.R., A MINOR;<br>C.R., A MINOR; J.R., A MINOR; AND<br>K.R., A MINOR<br><div align="right">APPELLEES</div> | **Opinion Delivered** May 6, 2015<br><br>APPEAL FROM THE SALINE<br>COUNTY CIRCUIT COURT<br>[NO. 63 JV 13-154]<br><br>HONORABLE GARY ARNOLD,<br>JUDGE<br><br>AFFIRMED; MOTION GRANTED |

## RITA W. GRUBER, Judge

This appeal is from an order terminating Amanda Ramsey's parental rights to her children, A.R., born April 19, 2004; C.R., born June 22, 2005; J.R., born January 11, 2007; and K.R., born March 11, 2008.[1] Appellant's counsel has filed a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court and Court of Appeals Rule 6-9(i), asserting that there are no issues that would support a meritorious appeal, and a motion asking to be relieved as counsel. The clerk of this court mailed a certified copy of counsel's motion and brief to appellant's last known address informing her of her right to file pro se points for reversal. The certified

---

[1]The parental rights of Antonio Revas, the legal father of C.R., J.R., and K.R., were also terminated in this order, and, although the legal father of A.R. was named in the petition for termination, the court continued his case until a later date. Neither Mr. Revas nor A.R.'s legal father is a party to this appeal.

SLIP OPINION

package was returned to the clerk's office marked "Unclaimed." Appellant has filed no pro se points. We grant counsel's motion to withdraw and affirm the order terminating appellant's parental rights.

Termination of parental rights is an extreme remedy and in derogation of the natural rights of parents, but parental rights will not be enforced to the detriment or destruction of the health and well-being of the child. *Meriweather v. Ark. Dep't of Health & Human Servs.*, 98 Ark. App. 328, 331, 255 S.W.3d 505, 507 (2007). Grounds for termination of parental rights must be proved by clear and convincing evidence. *Id.* Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Id.* When the burden of proving a disputed fact is by clear and convincing evidence, the appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* at 332, 255 S.W.3d at 507.

The only adverse ruling in this case was the termination itself. Parental rights may be terminated if the court finds by clear and convincing evidence that it is in the child's best interest, including consideration of the likelihood that the child will be adopted and the potential harm caused by returning the child to the parent's custody. Ark. Code Ann. § 9-27-341(b)(3)(A) (Supp. 2013). The court must also find by clear and convincing evidence one or more of the grounds set forth in section 9-27-341(b)(3)(B).

Appellant's history with the Arkansas Department of Human Services (DHS) began in November 2011, when a protective-services case was opened for inadequate supervision. Appellant had been in a car accident in which weapons were discovered in the car and the children were not wearing seat belts. One of the children sustained a broken arm in the accident. During that case, the family moved a lot and was staying in hotel rooms. True findings in that case included educational neglect and environmental neglect. The present case began in April 2013, when DHS received and investigated a report that appellant had left all four children at home alone all night while she was shoplifting at Walmart. The initial goal was reunification with a concurrent plan of adoption.

DHS provided parenting classes, individual counseling, random drug screens, and transportation services. Because appellant had outstanding warrants throughout the entire case that she never resolved, the court allowed visitation only with supervision to prevent appellant's being arrested while the children were with her, potentially leaving them without an appropriate caregiver. The court also ordered appellant to maintain stable and appropriate housing and income. In a review order dated December 23, 2013, the court found that appellant had not stabilized her housing and had no employment. She had moved several times since the case began and was, at the time of the review order, living in Alexander with the legal father of the youngest three children. The court was concerned that she had not resolved her criminal warrants. Appellant also had begun family therapy since the case began because she had been discussing inappropriate subjects with the children. The court determined that the case was not moving toward an appropriate permanency plan and

changed the goal to adoption.

At the termination hearing, the caseworker assigned to the case, Erin Descoteaux, testified that appellant had not maintained a stable residence throughout the case and that, at the time of the hearing, she and Mr. Revas were living with a married couple and their six children in a single-wide trailer. There were already ten individuals living in this trailer. It was not appropriate to house her four children there, too. Ms. Descoteaux also testified that there were warrants attached to over $1200 in fines issued against appellant, which could subject appellant to arrest and jail at any time. Although the warrants had been outstanding since early in the case, appellant had failed to resolve the issues. Because of this, appellant had never had unsupervised visits with her children. Appellant also remained unemployed. Ms. Descoteaux testified that she believed it was in the children's best interest for appellant's parental rights to be terminated.

Rebecca Kincannon, a DHS adoption specialist, testified that the children were adoptable and that there were twelve families in her database who were willing to adopt four children as a group.

Finally, Craig Jones, appellant's individual counselor, characterized appellant's parenting decision-making as poor. As examples, he mentioned her long-term unstable home situation, her exposure of her children to various men of questionable character, and her decision to leave her children alone at night, which led to this case. He said that appellant had a lot of issues and a lot of work to do, and he did not believe that she was likely to change in ninety days.

The trial court determined that it was in the children's best interest to terminate appellant's parental rights, specifically considering the potential harm by returning the children to appellant's custody and Ms. Kincannon's testimony that the children were adoptable. The court also found by clear and convincing evidence that other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrated that return of the children to appellant's custody was contrary to their health, safety, or welfare and that, despite the offer of appropriate family services, she had manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate her circumstances that prevented the children's return to her custody. *See* Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)*(a)* (Supp. 2013). Specifically, the court found that appellant was still not employed, had not resolved warrants that arose soon after the case was filed, was not close to being able to provide adequate housing, and had not even progressed to the point of having unsupervised visitation due to her outstanding warrants.

Because there is no issue of arguable merit for reversal, we agree that an appeal of the merits would be frivolous. We hold that this brief is compliant with the requirements of *Linker-Flores* and the Rules of the Arkansas Supreme Court and Court of Appeals, affirm the termination of appellant's parental rights, and grant her attorney's request to be relieved as counsel.

Affirmed; motion granted.

VIRDEN and WHITEAKER, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

No response.